The Chief Justice
delivered the opinion of the court:
It appears from the petition of Ignatius Nau that on the 27th day of August, 1890, he was tried in the Police Court of the District of Columbia and found guilty of keeping a place where distilled and fermented l-iquors were sold, without having obtained a license. He appealed the case to the Supreme Court, sitting as a criminal court, on the 27th day of August, 1890, and entered into a recognizance in the Police Court to prosecute his appeal. On the 9th of September following the clerk of the Police Court laid in the office of the Supreme Court of the District of Columbia an information and on the 23d day of December the District of Columbia by a special attorney moved the Supreme Court of the District of Columbia, holding a criminal term, that the papers in the appeal aforesaid be returned and the case be remanded to the Police Court there to be proceeded in as if no appeal had been taken. On the same day the Criminal Court sustained the motion and granted the order as therein requested. It is *421 averred in the petition that this order was made by the Criminal Court because the petitioner had not prosecuted his appeal in accordance with Rule No. 128 of the Supreme Court of the District of Columbia, by making the deposit of $5 or otherwise obtaining leave of the court to appeal without the payment of this sum of money. It is further averred that the appeal having been remanded to the police court the relator was on the 10th day of January, 1891, arrested by process issuing out of the Police Court to show cause why he did not perform the judgment of the Police Court and that thereupon he objected to the jurisdiction of that court, and the same being overruled he was by order of the Police Court placed in custody at the work-house of the District of Columbia, in pursuance of the judgment of the Police Court, passed against him in August, 1890. He avers that he is now in the custody of the intendant of the work-house, and that he is held in such custody without warrant of law, and he asks that he be discharged by this writ of habeas corpus.
Rule 128 is as follows: “Whenever any person convicted in the Police Court of any offense against the municipal laws of the District of Columbia shall appeal from the judgment of said court, the clerk of said court shall, within five days of the rendition of said judgment, send up the record of the case to the Criminal Court.
1 ‘As soon as the appellant shall have made a deposit of $5 for costs, or obtained leave from one of the justices or from the court to prosecute his appeal without a deposit, the clerk shall docket the cause for trial.
“If the appellant shall fail to perfect his appeal by making the deposit or obtaining the leave aforesaid, within 10 days after the record shall have been sent up, the judge holding the Criminal Court shall, on motion of the Attorney for the District, or one of his assistants, order the papers to be returned and the case to be remanded to the Police Court, there to be proceeded in as if no appeal had been taken.”
It is claimed that this rule of the court is 'in conflict with the express provisions of the statute relating to the Police *422 Court. By Section 1073 of the act authorizing the Police Court, it is provided that: “Any party deeming himself aggrieved by the judgment of the Police Court may appeal to the Supreme Court;” and Section 1074 of the same act provides: “In all appeals the party applying for appeal shall enter into recognizance, with sufficient surety to be approved by the judge, for his appearance at the criminal term of the Supreme Court then in session, or at the next term thereof, if the criminal term be not then in session, there to prosecute the appeal and to abide by the judgment of the Supreme Court. Section 1075: “Upon such recognizance being given, all further proceedings in the Police Court shall be stayed.” Section 1076: “Such recognizance so approved, and the information or complaint, shall be immediately transmitted to the clerk of the Supreme Court.” Section 1077: “Upon the failure of any party appealing from the judgment of the Police Court to the Supreme Court to enter into recognizance as provided for in Section 1074, he shall be com'mitted to jail to await his trial upon his appeal, and the trial shall be had in the Supreme Court, as though no such recognizance had been entered into.”
It would seem to have been the determination of Congress, that where a party was compelled to submit to an adjudication of a police judge without a jury, whatever may have been or might be the character of the case, whether such as that the party was or was not entitled to a jury at common law, nevertheless, in all these cases the party should have the right to appeal to the Criminal Court and have his trial by jury notwithstanding any remissness on his part in perfecting the appeal from the Police Court.
It is claimed by counsel for the District that Section 770 grants to this court sufficient power to make Rule 128 notwithstanding the legislation just recited. That section is as follows:
“The Supreme Court, in General Term, shall adopt such rules as it may think proper to regulate the time and manner of making appeals from the special term to the General Term, and may prescribe the terms and conditions upon which such *423 appeals may be made, and may also establish such other rules as it may deem necessary for regulating the practice of the court, and from time to time revise and alter such rules.”
It is claimed that the general power here to make rules and regulate the practice of the court is ample to authorize the establishment of the rule one hundred and twenty-eight.
Now, if there was no such provision of the statute regulating the trial of such cases in the Criminal Court, it might well be said that the court had power to make such a rule as this. Indeed, we have no doubt about that.
We are of opinion that Rule-128 in so far as its provision, requiring that an appellant from the Police Court to the criminal term of the Supreme Court must pay $5.00 in order to secure the docketing of his case and its subsequent trial, or otherwise it shall be dismissed and remanded to 'the Police Court, is concerned, is in direct conflict with sections 1073, 1074, 1075, 1076 and 1077 of the Revised Statutes relating to the District of Columbia, and must therefore-be declared to be void. Congress in enacting these sections intended to give to a party the right to a trial by jury simply by claiming an appeal, and when that was done then nothing could happen by his default or otherwise, that would deprive him of the right of a trial by jury in the Criminal Court.
The petitioner having been, denied a jury trial on his appeal, as was his right, will be discharged.